UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA LM MOODY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Case No. 18-cv-00788-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

This federal tort claim suit will be dismissed with leave to amend. It suffers from two serious deficiencies: it fails to show that the claim(s) were administratively exhausted, and it does not identify the individual who caused her injuries, or at least show that plaintiff Lisa Moody has diligently attempted to identify him or her. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **July 9, 2018**.

## DISCUSSION

Moody, a federal prisoner, alleges that she was injured during a prison transport owing to the faulty driving of a United States Marshal, whose name she does not provide. Her complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, containing these allegations is now before the Court for review pursuant to 28

U.S.C. § 1915A(a).

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

## B. Legal Claims

The FTCA provides that district courts have exclusive jurisdiction over civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b). The United States is only liable "if a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*; 28 U.S.C. § 2674. Put another way, the United States waives sovereign immunity only under circumstances where local law would make a private person liable in tort. *United States v. Olson*, 546 U.S. 43 (2005). The FTCA expressly bars claims for intentional torts

such as assault, battery, false imprisonment, false arrest and malicious prosecution. *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996) (citing 28 U.S.C. § 2680(h)).

The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). This means that before filing an FTCA claim in federal court, the plaintiff must file an administrative claim with the proper agency and have it denied by the agency in writing. *Id.* at 503. A prematurely filed FTCA claim must be dismissed even if the plaintiff ultimately exhausts his administrative remedies before substantial progress has occurred in the case. *McNeil v. United States*, 508 U.S. 106, 110, 133 (1993).

When Moody's allegations are liberally construed, she appears to have stated a claim for negligence. However, the complaint has two deficiencies that must be cured before the suit can proceed. First, she has not shown that she has complied with the exhaustion requirement. Because this requirement is jurisdictional, Moody must show that she has properly exhausted her claims before this suit can proceed. In her amended complaint, Moody must provide specific details about her attempts to exhaust. If she cannot show she has properly exhausted her claims, the suit must be dismissed.

Second, Moody must provide the name of the driver, or at least show that she has diligently attempted to obtain his name, and describe her attempts to do so.

**CONCLUSION**

The complaint is DISMISSED with leave to file an amended complaint on or before **July 9, 2018.** The new complaint must include the caption and civil case number used in this order (18-00788 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in her first amended complaint all the claims she wishes to present and all of the defendants she wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). She may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

3

The Clerk shall amend the docket to reflect that the United States is the sole defendant in this action. "The Federal Tort Claims Act provides that the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees." *See Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) (citing 28 U.S.C. §§ 1346(b), 2679(a)).

The Clerk shall also amend the docket to reflect that this suit is brought under the FTCA, §§ 1346(b), 2671-2680, and not, as the docket currently has it, under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

**Dated:** May 25, 2018



WILLIAM H. ORRICK
United States District Judge